UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

VICTOR D. ROSE,           )
                          )
        Plaintiff,        )     Case No. 1:09-cv-170
                          )
v.                        )     Honorable Joseph G. Scoville
                          )
FEDERAL HOME LOAN MORTGAGE )
CORPORATION, et al.,      )     **OPINION**
                          )
        Defendants.       )
                          )

      This is an action to determine interests in land brought under Mich. Comp. Laws § 600.2932. Plaintiff seeks to set aside a sheriff's deed affecting three contiguous parcels of real estate located in Allegan County. On March 14, 2003, plaintiff Victor D. Rose and his then wife (defendant Elizabeth M. Rose) executed a mortgage in favor of National City Mortgage Services encumbering all three parcels of real estate. One of the parcels was later awarded to defendant Elizabeth M. Rose by a judgment of divorce entered April 3, 2006. The Roses sold another parcel to defendant S&R Development, LLC. Plaintiff retained the third parcel. Thereafter, the mortgage was foreclosed by advertisement under Michigan law. All three parcels were sold at sheriff's sale to defendant Federal Home Loan Mortgage Corporation (FHLMC, also known as "Freddie Mac"), which had acquired the mortgage in the interim. Mr. Rose now sues FHLMC and joins S&R Development and his former wife as interested parties, seeking a declaration that the sheriff's sale, which conveyed all three parcels to FHLMC, is void.

Plaintiff's complaint sets forth two grounds for relief. First, he alleges that the 2003 mortgage given to National City and ultimately assigned to FHLMC was intended to encumber only the 2.45 acres upon which a residence stood, and not all three parcels. (Compl., ¶¶ 8-10). Thus, he implicitly seeks reformation of the mortgage instrument. Second, plaintiff alleges that the foreclosure proceedings were defective, because the notice of foreclosure was posted on the wrong property and because the notice stated an incorrect redemption period under state law. On this basis, plaintiff seeks to set aside the Sheriff's Deed and to quiet title in himself and his former wife.

Plaintiff initiated this case in the Allegan County Circuit Court by complaint filed on December 16, 2008. By notice of removal filed February 27, 2009, defendant FHLMC removed the case to this court, acting pursuant to 12 U.S.C. § 1452(f), which deems FHLMC to be an agency of the United States and specifically authorizes it to remove civil actions from state to federal court. The time in which the parties may conduct discovery under the case management order has now elapsed. Defendant FHLMC has moved for summary judgment, seeking dismissal of all plaintiff's claims against it. (docket # 25). Plaintiff has failed to respond to the motion within the time allowed by W.D. Mich. LCivR 7.2, despite two notices from the court of plaintiff's opportunity to respond. (docket #s 26, 28). Plaintiff and FHLMC have consented to the dispositive jurisdiction of a magistrate judge. (*See* Order of Reference, docket # 18). For the reasons set forth below, the court determines that plaintiff has failed to establish any claim against defendant FHLMC and that summary judgment should be entered against plaintiff.

## Findings of Fact

The facts necessary for resolution of plaintiff's claims against FHLMC are established by the admissions and attachments to plaintiff's complaint as well as defendant's Exhibits A through L, which consist principally of deeds, a mortgage, and other land title documents on file with the Allegan County Register of Deeds. Plaintiff has not submitted to the court any affidavit, discovery response, or other factual material contradicting the series of events disclosed by defendant's exhibits. On the basis of the record before the court, the court finds that the following facts are established beyond genuine issue.

1. On September 13, 1999, Victor Rose and Elizabeth M. Rose, then husband and wife, purchased a parcel of land in Allegan County, Michigan. (Compl. ¶ 6). The warranty deed (which is attached to plaintiff's complaint) conveyed the following property to Mr. and Mrs. Rose:

> Parcel 1: That part of the north 32 rods of the southwest 1/4 of section 3, Town 2 north, range 13 west, lying east of the centerline of Monterey Road, except a parcel in the northwest corner 250 feet north and south and 348.5 feet east and west measured along the north side of that part of the north 32 rods of the southwest 1/4 lying east of the centerline of Monterey Road, section 3, Town 2 north, range 13 west. Also except that part of the north 32 rods of the southwest 1/4 of section 3, Allegan Township, lying east of the centerline of Monterey Road (30th) described as beginning in the southwest corner of said parcel; thence east 300 feet; thence north 150 feet; thence west to the centerline of Monterey Road; thence southeast along said centerline to the place of beginning.
>
> Parcel 2: That part of the north 32 rods of the southwest 1/4 of section 3, Allegan Township, lying east of the centerline of Monterey Road (30th) described as beginning in the southwest corner of said parcel; thence east 300 feet; thence north 150 feet; thence west to the centerline of Monterey Road; thence southeast along said centerline to the place of beginning, section 3, Town 2 north, range 13 west.

(Warranty Deed, ID# 17).

2. On or about March 14, 2003, Victor and Elizabeth Rose borrowed $115,000.00 from National City Mortgage Company, securing the debt with a real estate mortgage (Mortgage, Def. Ex. A, docket # 25-3). The mortgage encumbered "Parcel 1" of the real estate conveyed to the Roses in the 1999 warranty deed, as shown by the legal description appended to the mortgage. (*See* Mortgage, Def. Ex. A, ID# 195). That is, the legal description of the real estate encumbered by the mortgage is identical to the description of Parcel 1 in the warranty deed. In the body of the mortgage instrument, the address of the encumbered property was shown as 2287 30th Street, Allegan, Michigan. (ID# 182). The mortgage was recorded on March 20, 2003, with the Allegan County Register of Deeds. The real estate covered by the mortgage dated March 14, 2003, is referred to hereafter as the "Mortgaged Property."

3. The Mortgaged Property comprehends three separate parcels for real estate tax purposes: parcel ID 03-01-003-010-10 (the "10-10" parcel), parcel ID 03-01-003-010-11 (the "10-11" parcel), and parcel ID 03-01-003-010-12 (the "10-12" parcel).[1] These three parcels are depicted on a plat of survey. (Def. Ex. M, docket # 25-14). Also depicted on the survey is Parcel 2 of the warranty deed, identified by parcel ID 03-01-003-010-00.

4. On September 14, 2004, the Roses entered into a written agreement to sell the 10-12 parcel to defendant S&R Development, LLC. (Agreement for Sale of Real Property, ID#s 18-

---

[1] Michigan law authorizes assessing officers to establish a real estate index number system for purposes of assessing and collecting taxes, in addition to or in lieu of listing by legal description. *See* MICH. COMP. LAWS § 211.25a. The Parcel Identification Number system has been adopted throughout the state. The parcel number consists of five components. The first represents the county, the second the survey township, the third the section within the township, the fourth the block where the property is located, and the fifth the parcel number within the block.

22, attached to complaint). The purchase price was $100,000.00. The sales agreement contemplated delivery of a deed to S&R at some future date. (¶ B.1.).

5. Victor and Elizabeth M. Rose divorced in 2006. The April 3, 2006 judgment of divorce (Def. Ex. B, docket # 25-4) awarded 2287 30th Street, Allegan, Michigan, to Mrs. Rose. (p. 5, ¶ 3). This referred to the 10-10 parcel, and includes a house and approximately 2-1/2 acres. The judgment of divorce awarded to plaintiff Victor Rose "the approximately ten acres of vacant land owned by the parties," referring to the 10-11 parcel, which comprehends approximately 8.5 acres. As stated in paragraph 4 above, the 10-12 parcel was then subject to a sales agreement with defendant S&R Development, although no deed had yet been delivered by the Roses.

6. At some date not reflected in the record, the mortgage covering the Mortgaged Property was assigned to defendant FHLMC. The Roses defaulted on their payments under the mortgage and FHLMC began proceedings to foreclose the mortgage by advertisement, pursuant to the power of sale contained in the mortgage (¶ 22) and Michigan statutory law. MICH. COMP. LAWS § 600.3201-.3280.

7. As required by law, FHLMC placed a notice of mortgage foreclosure sale in the Allegan County News on four dates: December 14, December 21, and December 28, 2006, and January 4, 2007. (Affidavit of Publication, attached to Compl., ID# 29). The notice was posted on the property located at 2287 30th Street, Allegan, Michigan. (Affidavit of Posting, attached to Compl., ID# 30). By the time of the foreclosure, however, the property located at 2287 30th Street was no longer comprehended in the Mortgaged Property. Because the Mortgaged Property was divided into three separate parcels after the mortgage was given, the post office assigned different addresses to each parcel. Thus, although 2287 30th Street was the address of the Mortgaged

Property at the time the mortgage was given, by the time of the foreclosure, 2287 East 30th Street had been assigned to the 10-00 parcel, which was contiguous but was not included within the mortgage. (The facts set forth in this paragraph are ascertainable from tax records of Allegan County, defendants' Exhibits I, J, K, and L.) The posting occurred on December 8, 2006.

        8.       The posting of the notice of mortgage sale on the 10-00 property did not comply with Michigan law, which requires that the notice be posted "in a conspicuous place upon any part of the premises described in the notice." MICH. COMP. LAWS § 600.3208. The 10-00 parcel was not "any part of the premises described by the notice." The posting did, however, give constructive notice to both Victor and Elizabeth Rose, because at the time of posting they were the record owners of the 10-00 parcel, which had been conveyed to them by the September 13, 1999 deed as "Parcel 2.".

        9.       On January 5, 2007, Victor D. and Elizabeth M. Rose signed a warranty deed conveying to defendant S&R Development the property that was subject to the September 14, 2004 sales agreement. The warranty deed (Def. Ex. D, docket # 25-6) was recorded on September 4, 2007. The property conveyed by the Roses to S&R Development was the 10-12 parcel, which was part of the Mortgaged Property.

        10.      On January 18, 2007, about two weeks after the Roses issued a warranty deed for the 10-12 parcel, the Allegan County Sheriff conducted an auction of the entire Mortgaged Property (consisting of the 10-10 parcel, the 10-11 parcel, and the 10-12 parcel). FHLMC bid in the outstanding mortgage debt and was awarded the property at auction. On January 18, 2007, Deputy Sheriff Michael Russell issued a "Sheriff's Deed on Mortgage Sale" conveying the Mortgaged Property to FHLMC. (Sheriff's Deed, ID# 27). The legal description, appended as Exhibit A to the

Sheriff's Deed, described the Mortgaged Property, including parcels 10-10, 10-11, and 10-12. (ID# 28).

11. The redemption period set forth in the notice of foreclosure sale was July 18, 2007. There is no evidence that the Roses attempted to redeem the property either before or after the redemption date.

12. FHLMC initiated summary proceedings for possession of the Mortgaged Property in the 57th District Court, Allegan County, Michigan. (Case no. 07-2974-LT). On August 10, 2007, the court issued a default judgment of possession against Victor D. Rose and Elizabeth M. Rose. (Def. Ex. E, docket # 25-7).

13. On April 3, 2008, S&R Development filed an action to quiet title in the Allegan County Circuit Court, naming FHLMC as a defendant. (Case no. 08-43004-CZ). The complaint (Def. Ex. F, docket # 25-8) sought to quiet title in S&R Development to the 10-12 parcel. S&R sought a judgment declaring that the Sheriff's Deed dated January 28, 2007, was null and void, because of two alleged defects: (1) the notice of foreclosure was not posed upon the Mortgaged Property but upon an adjoining parcel (*Id.* at ¶ 8); and (2) that the notice of foreclosure incorrectly stated a six-month redemption period when, in fact, the proper redemption period was one year, because the foreclosed property was larger than three acres. (*Id.* at ¶ 11).

14. The Allegan County Circuit Court case brought by S&R Development against FHLMC was ultimately settled, with FHLMC executing a deed (Def. Ex. G) conveying to S&R Development the 10-11 parcel (which had been awarded to Victor Rose in the judgment of divorce before foreclosure) and the 10-12 parcel (which Mr. and Mrs. Rose had conveyed to S&R

Development by warranty deed shortly before the sheriff's sale). The stated consideration was $15,642.36.

15. Plaintiff Victor Rose initiated the present case in the Allegan County Circuit Court on December 16, 2008. His complaint seeks to set aside the Sheriff's Deed on the same grounds alleged by S&R Development in its now-settled lawsuit. It also asserts a mistake in identifying the property subject to the 2003 mortgage.

### **Standards Applicable to Summary Judgment**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Synbrandt v. Home Depot U.S.A., Inc.*, 560 F.3d 553, 557 (6th Cir. 2009). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see Cady v. Arenac County*, 574 F.3d 334, 339 (6th Cir. 2009). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating"

the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Reed v. International Union, United Aerospace & Agric. Implement Workers of Am.*, 569 F.3d 576, 579 (6th Cir. 2009).

Although plaintiff elected not to file a response to FHLMC's motion for summary judgment, the court may not for that reason alone enter judgment against plaintiff. *See Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991); *accord Cacevic v. City of Hazel Park*, 226 F.3d 483, 486 (6th Cir. 2000). Rather, the court is required to examine the movant's summary judgment motion to ensure that it has discharged its initial burden.

Generally, the court cannot consider exhibits that are not properly authenticated in the summary judgment context. *See* FED. R. CIV. P. 56(e); *Alexander v. Caresource*, 576 F.3d 551, (6th Cir. 2009)("It is [] the basis of this court's repeated emphasis that unauthenticated documents do not meet the requirements of Rule 56(e)."); *Moore v. Holbrook*, 2 F.3d 697, 698-99 (6th Cir. 1993). However, when a party fails to object "to the affidavits or evidentiary materials submitted

by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to be waived," and are subject to appellate review "only to avoid a gross miscarriage of justice." *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994); *see Moore v. Holbrook*, 2 F.3d at 699; *see also Jackim v. Sam's East, Inc.*, Nos. 07-3514, 08-4701, 2010 WL 2101962, at * 7 (6th Cir. May 25, 2010). In the present case, plaintiff has not objected to defendant's reliance on unauthenticated exhibits, some of which are duplicates of documents appended to plaintiff's own complaint.

## Discussion

### 1.

Plaintiff initiated this action in the Allegan County Circuit Court. The case was removed to this court by defendant FHLMC pursuant to 12 U.S.C. § 1452(f), which gives that corporation an absolute right to remove any civil action to which it is a party, without regard to the citizenship of the parties or the amount in controversy. The statute provides that such cases shall be deemed as arising under the laws of the United States. 12 U.S.C. § 1452(f)(2). Some lower courts have construed this language as directing that all cases involving FHLMC be decided under federal common law. *See, e.g., Dupuis v. Fed. Home Loan Mortg. Corp.*, 879 F. Supp. 139 (D. Me. 1995). The Supreme Court has directed that, in cases where federal common law applies, the district court should generally incorporate state law as the rule of decision in the absence of a demonstrated need for a uniform national rule. *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 727-29 (1979). "Thus, the prudent course is to adopt the readymade body of state law as the federal rule of decision until Congress strikes a different accommodation." *Id.* at 740; *accord Atherton v. FDIC*, 519 U.S.

213, 217-19 (1997); *O'Melveny & Myers v. FDIC*, 512 U.S. 79, 83-86 (1994). The court should fashion a special federal rule only where a "significant conflict" exists between federal policy and the use of state law. *O'Melveny & Myers*, 512 U.S. at 87. Defendant FHLMC does not suggest the existence of any need for a uniform federal rule of decision or a significant conflict between federal interests and Michigan mortgage law. Instead, FHLMC relies exclusively on Michigan law, and no party has cited any federal principle germane to the case. The court will therefore adjudicate the claims of plaintiff and FHLMC under Michigan law.

The Michigan Revised Judicature Act creates a single cause of action to determine interests in land. MICH. COMP. LAWS § 600.2932. This statutory cause of action combines the two actions of ejectment and quiet title and creates a single action to determine interest in land. *See Adams v. Adams*, 742 N.W.2d 399, 403-04 (Mich. Ct. App. 2007); *Lavean v. Cowells*, 853 F. Supp. 375, 383 (W.D. Mich. 1993). Actions under this statute are expressly equitable in nature. MICH. COMP. LAWS § 600.2932(5). Consequently, equitable defenses, such as laches, are available to defendants in cases brought under this statute. *Tray v. Whitney*, 192 N.W.2d 628, 630 (Mich. Ct. App. 1971).

By the face of the complaint, plaintiff Victor Rose seeks to quiet title with regard to all three parcels included within the Mortgaged Property, in that he seeks to set aside the Sheriff's Deed that conveyed the entire Mortgaged Property to defendant FHLMC.

**2.**

The Mortgaged Property comprises three distinct parcels: the 10-10 parcel, the 10-11 parcel, and the 10-12 parcel. Plaintiff's own allegations and evidence establish beyond any doubt

that he has no right, title or interest to the 10-10 parcel or the 10-12 parcel. The burden of proof in a quiet title action rests on the plaintiff. *Lavean*, 853 F. Supp. at 383. To entitle a plaintiff to a decree quieting title, the plaintiff must establish title in himself. *See Wilhelm v. Herron*, 178 N.W. 769, 771 (Mich. 1920). Because plaintiff cannot possibly establish any interest in either the 10-10 parcel or the 10-12 parcel, his request for relief with regard to those parcels must fail as a matter of law.

With regard to the 10-10 parcel, plaintiff's own complaint alleges that the 2006 judgment of divorce awarded this parcel to Elizabeth M. Rose. (Compl. ¶ 12, ID# 12). The exhibits filed by FHLMC include the judgment of divorce (Ex. B) which clearly awards Mrs. Rose "the marital residence commonly known as 2287 30th Street, Allegan, MI 49010." (Def. Ex. B, ID# 199). In these circumstances, the record conclusively establishes that plaintiff Victor Rose had no right, title, or interest in the 10-10 parcel at the time he filed his complaint or thereafter and that he is entitled to no relief with regard to this parcel of real estate.

The same conclusion applies to the 10-12 parcel. Plaintiff's complaint alleges that plaintiff and Mrs. Rose sold this parcel to defendant S&R Development LLC on September 14, 2004. (Compl. ¶ 11). The documents submitted by FHLMC include a warranty deed executed by Victor and Elizabeth Rose, dated January 5, 2007, conveying and warranting to S&R Development, LLC title to the 10-12 parcel. (Def. Ex. D). The 10-12 parcel was not mentioned in the judgment of divorce. Consequently, by operation of Michigan law, that real estate continued to be owned by Victor and Elizabeth Rose after their divorce, not as tenants by the entirety, but as tenants in common. MICH. COMP. LAWS § 552.102. The Roses were therefore free to alienate their interests in the property, and they did so by warranty deed in January 2007, two years before plaintiff filed

this action. Having conveyed his interest in the 10-12 parcel by warranty deed, Victor Rose no longer has any interest in the real estate to support a quiet title action.

**3.**

The only parcel in which plaintiff has any possible interest to support a quiet title action is the 10-11 parcel. The judgment of divorce awarded this parcel to Mr. Rose as part of the divorce property settlement. At that time, however, the property was encumbered by the 2003 mortgage previously given by the Roses to National City Mortgage Company and ultimately assigned to defendant FHLMC. (Mortgage, Def. Ex. A). The mortgage was foreclosed, and the property was purchased at auction by defendant FHLMC. In settlement of a related lawsuit, FHLMC deeded the property to S&R Development, which is now the record title owner. The complaint suggests two grounds by which Mr. Rose could theoretically avoid the mortgage foreclosure, sheriff's sale, and ultimate deed to S&R Development. First, the complaint alleges that the 2003 mortgage mistakenly included this parcel of real estate, when the intent of the parties was only to encumber the 10-10 parcel (the house and about 2-1/2 acres). Second, plaintiff alleges defects in the foreclosure proceeding. Neither of these claims is sufficient to withstand the pending motion for summary judgment.

Under Michigan law, reformation is an equitable remedy available to correct a mutual mistake of fact by the parties to a written instrument. *See Bush v. Merriman*, 49 N.W. 567, 569 (Mich. 1891); *Mate v. Wolverine Mut. Ins. Co.*, 592 N.W.2d 379, 384 (Mich. Ct. App. 1998). Upon a proper showing, the Michigan courts will reform a deed or other instrument to correct a mutual mistake in identifying the property involved. *See, e.g., Langschwager v. Pinney*, 88 N.W.2d 276,

280-81 (Mich. 1958). A plaintiff is required to establish the facts necessary to show mutual mistake by clear and convincing evidence. *See Woolner v. Layne*, 181 N.W.2d 907, 909 (Mich. 1970) (quoting Restatement of Contracts (2d) § 511 (1982)). To withstand a motion for summary judgment on the reformation claim implicit in the complaint, plaintiff is required to produce sufficient evidence to raise a genuine issue of material fact concerning the existence of a mutual mistake. *See Performance Abatement Servs., Inc. v. Lansing Bd. of Water & Light*, 168 F. Supp. 2d 720, 739 (W.D. Mich. 2001). In determining the sufficiency of the evidence adduced, the court must be guided by the substantive evidentiary standards that apply to the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Consequently, where the "clear and convincing evidence" standard applies, "the trial judge's summary judgment inquiry as to whether a genuine issue exists will be whether the evidence presented is such that a jury applying that evidentiary standard could reasonably find for either the plaintiff or the defendant." *Id.*

Plaintiff has adduced no evidence whatsoever in support of a reformation claim. Therefore, the evidentiary record in the present case would be insufficient to create a jury submissible issue in support of a reformation claim, even by a preponderance of the evidence, let alone under the higher "clear and convincing evidence" standard. At the summary judgment stage, plaintiff may not rely on the mere allegations of his pleadings. *See Everson*, 556 F.3d at 496. Consequently, the court finds that there is no genuine issue of material fact with regard to the existence of a mutual mistake and that the moving party is entitled to judgment as a matter of law on this claim.

Similarly, the record does not support the existence of at triable issue on plaintiff's challenge to the validity of the Sheriff's Deed, based upon alleged defects in the foreclosure

procedure. Plaintiff complains of two defects: posting on the wrong property and the recitation of an allegedly incorrect redemption period. FHLMC does not deny, for purposes of the motion, that these two mistakes were indeed made. Defendant concedes that the notice of foreclosure was not posted on the property encumbered by the mortgage, in violation of the requirement of Michigan statute that the notice be posted in a conspicuous place "upon any part of the premises described in the notice." MICH. COMP. LAWS § 600.3208. It is uncontested that the notice was posted on December 8, 2006, at the adjoining 10-00 parcel. It is also uncontested, on the present record, that this parcel belonged to Victor and Elizabeth Rose on the date of posting. Consequently, this court has found (Finding of Fact no. 8) that the posting gave constructive notice to both Victor and Elizabeth Rose. Likewise, FHLMC does not deny for present purposes that the redemption period stated in the notice of foreclosure was incorrect. The notice stated a six-month redemption period, while Michigan law requires a one-year period for property exceeding one acre. MICH. COMP. LAWS § 600.3240(12).

Under Michigan law, however, a mortgagor is not entitled to relief merely by alleging some defect in the notice of foreclosure. Rather, such a defect renders the foreclosure sale only voidable, but not void. The governing authority is *Jackson Investment Corp. v. Pittsfield Products, Inc.*, 413 N.W.2d 99 (Mich. Ct. App. 1987). In *Jackson*, a mortgagor sued to have a foreclosure sale declared invalid on account of errors in the notice of foreclosure. The court held that such errors render the foreclosure only voidable, and that a plaintiff bears the burden of showing actual harm as a result of the error. The court explained its holding as follows:

> The failure to properly observe any of these [statutory] requirements provides a host of potential defects which could occur. By holding that a defect renders a foreclosure sale voidable, rather than void, more security is given to the title of real property.

-15-

> Such a holding also allows for an examination of whether any harm was caused by the defect. In situations where it is evident that no harm was suffered, in that the mortgagor would have been in no better position had notice been fully proper and the mortgagor lost no potential opportunity to preserve some or any portion of his interest in the property, we see little merit in the rule of law which Jackson advocates. Such a rule would automatically nullify the sale without regard to or consideration of the intervening interests of other parties. We conclude that the trial court correctly held that the notice defect rendered the sale voidable and not void.

413 N.W.2d at 101-02. The Michigan Court of Appeals based its reasoning on state Supreme Court authority in analogous cases. *Id.* The state courts have adhered to this holding in subsequent cases. *See, e.g., Sweet Air Inv., Inc. v. Kenney*, 739 N.W.2d 656, 662 (Mich. Ct. App. 2007) (a defect in notice renders a foreclosure sale voidable, not void, and the mortgagor must show prejudice).

Relying on the *Jackson Investments* rule, subsequent courts applying Michigan law have refused to set aside mortgage foreclosures on the basis of defects nearly identical to those relied upon by Victor Rose in the present case. In *Homestead Savings Bank v. Norman Nealey Builders*, No. 263080, 2005 WL 2757969 (Mich. Ct. App. Oct. 25, 2005), the mortgagor sought relief from a foreclosure on the grounds that the notice and publication incorrectly stated that the redemption period was six months, when in actuality it was one year. The trial court granted summary judgment for the mortgagee, finding that the mortgagor "was not harmed by the mistake and had not attempted to redeem the property at any time." Relying on *Jackson Investment Corp.*, the state Court of Appeals found that the defect in notice rendered the foreclosure sale only voidable, rather than void, and that the mortgagor was required to show some prejudice flowing from the admitted mistake. "Defendant has not provided any support in the form of pleadings, affidavits, deposition testimony, or other evidence showing how it was prejudiced. There is no allegation that defendant was able or even attempted to redeem the property after the sheriff's sale, whether during the six-month or one-

year period of time." *Id.* at * 1. On that basis, the state Court of Appeals affirmed the grant of summary judgment in favor of the mortgagee "because, although a mistake was made in the notice concerning a foreclosure by advertisement, that mistake did not cause any harm to defendant." *Id.* at * 2. The state Court of Appeals decision in *Pierson v. Alden State Bank*, No. 285525, 2009 WL 1397130 (Mich. Ct. App. May 19, 2009), was based on similar facts and came to a similar conclusion. Judge John Feikens of the Eastern District of Michigan, in a case governed by Michigan law, found that improper posting, contrary to the requirements of Michigan statutory law, did not void a foreclosure sale, "because of a lack of prejudice." *Worthy v. Worldwide Fin. Servs., Inc.*, 347 F. Supp. 2d 502, 509-11 (E.D. Mich. 2004).

The foregoing cases require plaintiff to come forward with some evidence to show prejudice arising from the defects in the foreclosure process. With regard to the allegedly incorrect redemption date, both *Homestead Savings Bank* and *Pierson* require a plaintiff relying on such a defect to show that he at least attempted to redeem the property within the appropriate one-year period. Plaintiff in the present case has not presented any evidence showing that he attempted to redeem the property. With regard to the posting on the wrong parcel of plaintiff's property, plaintiff was required to show that this defect deprived him of actual or constructive notice of the existence of the foreclosure. The record is devoid of any such evidence.

Furthermore, even if plaintiff could mount a jury-submissible case of prejudice on one or the other of these points, his claim would be barred by the equitable defense of laches. Laches is an equitable defense that arises from a plaintiff's unreasonable delay in asserting his rights, "attended by such indeterminate change in conditions as renders it inequitable to enforce the right." *Angeloff v. Smith*, 235 N.W. 823, 824 (Mich. 1931). Mere delay is insufficient, but delay plus

resulting prejudice may be enough to bar relief. *Mich. Dep't of Treasury v. Campbell*, 309 N.W.2d 668, 672 (Mich. Ct. App. 1981). In the *Jackson Investment* case, the court held that the mortgagor was barred by the doctrine of laches from seeking equitable relief, because he waited until the foreclosure sale had been completed and the property had passed to a third party. Likewise, in the *Worthy* case, Judge Feikens determined that the plaintiff was barred by laches because she allowed six months to pass after the foreclosure sale before filing a complaint. 347 F. Supp. 2d at 511. In the present case, the mortgagor waited for nearly two years from the date of the sheriff's sale before filing suit. During that time, FHLMC deeded the property to defendant S&R Development. The delay allowed the equities of a bona fide purchaser, S&R Development, to intervene. S&R is not alleged to have any knowledge of the defects in the foreclosure process at the time it purchased its interest from FHLMC. This delay, and resulting prejudice to a third-party, completely extinguishes any equitable claim that Victor Rose might have had if he had acted with dispatch. When faced with defendant's properly supported motion for summary judgment raising the equitable defense of laches, plaintiff had the burden of producing some evidence to raise a triable issue on this defense. By ignoring the motion for summary judgment, plaintiff failed to meet his burden of production in this regard.

## Conclusion

When faced with FHLMC's motion for summary judgment, plaintiff had the burden of producing evidence raising a triable issue of fact. Plaintiff has not done so. The record now before the court demonstrates that plaintiff has no right, title or interest in the 10-10 or 10-12 parcels and that any interest he may have had in the 10-11 parcel was extinguished by foreclosure. The court

will therefore enter an order granting the motion for summary judgment. A final judgment will not be entered until all claims asserted in this case have been adjudicated.


Dated: June 30, 2010                    /s/  Joseph G. Scoville
                                        United States Magistrate Judge