UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

VICTOR D. ROSE,           )
                               )
          Plaintiff,       )      Case No. 1:09-cv-170
                               )
v.                           )      Honorable Joseph G. Scoville
                               )
FEDERAL HOME LOAN MORTGAGE  )
CORPORATION, et al.,           )      **<u>OPINION</u>**
                               )
          Defendants.     )
_____)

This is an action to determine interests in land brought under Mich. Comp. Laws §
600.2932. Plaintiff seeks to set aside a sheriff's deed affecting three contiguous parcels of real estate
located in Allegan County. On March 14, 2003, plaintiff Victor D. Rose and his then wife
(defendant Elizabeth M. Rose) executed a mortgage in favor of National City Mortgage Services
encumbering all three parcels of real estate. One of the parcels was later awarded to defendant
Elizabeth M. Rose by a judgment of divorce entered April 3, 2006. The Roses sold another parcel
to defendant S&R Development, LLC. Plaintiff retained the third parcel. Thereafter, the mortgage
was foreclosed by advertisement under Michigan law. All three parcels were sold at sheriff's sale
to defendant Federal Home Loan Mortgage Corporation (FHLMC, also known as "Freddie Mac").
Mr. Rose now sues FHLMC and joins S&R Development and his former wife as interested parties,
seeking a declaration that the sheriff's sale, which conveyed all three parcels to FHLMC, is void.

Plaintiff's complaint sets forth two grounds for relief. First, he alleges that the 2003
mortgage given to National City and ultimately assigned to FHLMC was intended to encumber only

the 2.45 acres upon which a residence stood, and not all three parcels. (Compl., ¶¶ 8-10). Thus, he implicitly seeks reformation of the mortgage instrument. Second, plaintiff alleges that the foreclosure proceedings were defective, because the notice of foreclosure was posted on the wrong property and because the notice stated an incorrect redemption period under state law. On this basis, plaintiff seeks to set aside the Sheriff's Deed and to quiet title in himself and his former wife.

Plaintiff initiated this case in the Allegan County Circuit Court by complaint filed on December 16, 2008. By notice of removal filed February 27, 2009, defendant FHLMC removed the case to this court, acting pursuant to 12 U.S.C. § 1452(f), which deems FHLMC to be an agency of the United States and specifically authorizes it to remove civil actions from state to federal court. Plaintiff and FHLMC have consented to the dispositive jurisdiction of a magistrate judge. (*See* Order of Reference, docket # 18). The time in which the parties may conduct discovery under the case management order has now elapsed. Defendant FHLMC moved for summary judgment, seeking dismissal of all plaintiff's claims against it. (docket # 25). Plaintiff failed to respond to the motion within the time allowed by W.D. Mich. LCivR 7.2, and the court entered a summary judgment opinion and order (docket #s 30, 31) granting judgment in favor of defendant FHLMC. Plaintiff thereafter moved to set aside the judgment, asserting that counsel had failed to receive notice of the motion through the CM/ECF system. The court held a hearing and found that counsel did not receive notice. The summary judgment was therefore set aside, and plaintiff was allowed to respond to the motion. (docket #s 40, 41). FHLMC has submitted a reply brief. (docket # 42).

Having considered *de novo*[1] the evidence now of record, the court concludes that FHLMC is entitled to a partial summary judgment, finding against plaintiff on his claim that the mortgage encumbered the wrong property. The court determines, however, that genuine issues of material fact require a trial on plaintiff's claims arising from defects in the foreclosure process and defendant's affirmative defenses thereto.

## Findings of Fact

The facts necessary for resolution of plaintiff's claims against FHLMC are established by the admissions and attachments to plaintiff's complaint, defendant's Exhibits A through L (consisting principally of deeds, a mortgage, and other land title documents on file with the Allegan County Register of Deeds), the affidavit of plaintiff, Victor Rose, and plaintiff's exhibits (docket # 40-2), which essentially duplicate those submitted by defendant. The documentary evidence underlying this real estate dispute is therefore not at issue. On the basis of the record before the court, the court finds that the following facts are established beyond genuine issue.

1.      On September 13, 1999, Victor Rose and Elizabeth M. Rose, then husband and wife, purchased a parcel of land in Allegan County, Michigan. (Compl. ¶ 6, ID# 11). The warranty deed (which is attached to plaintiff's complaint) conveyed the following property to Mr. and Mrs. Rose:

> Parcel 1:  That part of the north 32 rods of the southwest 1/4 of section 3, Town 2 north, range 13 west, lying east of the centerline of Monterey Road, except a parcel in the northwest corner 250 feet north and south and 348.5 feet east and west measured along the north side of that part of the north 32 rods of the southwest 1/4 lying east of the centerline of Monterey Road, section 3, Town 2 north, range 13

---

[1] This opinion takes into account the evidence and arguments submitted by both parties and completely supersedes the court's withdrawn opinion. (docket # 30).

west. Also except that part of the north 32 rods of the southwest 1/4 of section 3, Allegan Township, lying east of the centerline of Monterey Road (30th) described as beginning in the southwest corner of said parcel; thence east 300 feet; thence north 150 feet; thence west to the centerline of Monterey Road; thence southeast along said centerline to the place of beginning.

Parcel 2: That part of the north 32 rods of the southwest 1/4 of section 3, Allegan Township, lying east of the centerline of Monterey Road (30th) described as beginning in the southwest corner of said parcel; thence east 300 feet; thence north 150 feet; thence west to the centerline of Monterey Road; thence southeast along said centerline to the place of beginning, section 3, Town 2 north, range 13 west.

(Warranty Deed, ID# 17). The grantor, Laurence Brown, reserved a life estate in Parcel 2.

2. On or about March 14, 2003, Victor and Elizabeth Rose borrowed $115,000.00 from National City Mortgage Service Company ("National City"), securing the debt with a real estate mortgage (Mortgage, Def. Ex. A, ID#s 180-95). The mortgage encumbered "Parcel 1" of the real estate conveyed to the Roses in the 1999 warranty deed, as shown by the legal description appended to the mortgage. That is, the legal description of the real estate encumbered by the mortgage is identical to the description of Parcel 1 in the warranty deed. In the body of the mortgage instrument, the address of the encumbered property was shown as 2287 30th Street, Allegan, Michigan. (ID# 182). The mortgage was recorded on March 20, 2003, with the Allegan County Register of Deeds. The real estate covered by the mortgage dated March 14, 2003, is referred to hereafter as the "Mortgaged Property."

3. The Mortgaged Property comprehends three separate parcels for real estate tax purposes: parcel ID 03-01-003-010-10 (the "10-10" parcel), parcel ID 03-01-003-010-11 (the "10-11" parcel), and parcel ID 03-01-003-010-12 (the "10-12" parcel).[2] These three parcels are

_____

[2] Michigan law authorizes assessing officers to establish a real estate index number system for purposes of assessing and collecting taxes, in addition to or in lieu of listing by legal description. *See* MICH. COMP. LAWS § 211.25a. The Parcel Identification Number system has been adopted

depicted on a plat of survey. (Plf. Ex. 3, ID# 345). Also depicted on the survey is Parcel 2 of the warranty deed, identified by parcel ID 03-01-003-010-00 (the "10-00 parcel").

4.     On September 14, 2004, the Roses entered into a written agreement to sell the 10-12 parcel and the 10-00 parcel to defendant S&R Development, LLC. (Agreement for Sale of Real Property, Plf. Ex. 4, ID#s 346-354). The purchase price was $100,000.00. The sales agreement contemplated delivery of a deed to S&R at some future date. (¶ B.1., ID# 346).

5.     Victor and Elizabeth M. Rose divorced in 2006. The April 3, 2006 judgment of divorce (Plf. Ex. 5, ID#s 355-361) awarded 2287 30th Street, Allegan, Michigan, to Mrs. Rose. (p. 5, ¶ 3, ID# 358). This referred to the 10-10 parcel, and includes a house and approximately 2-1/2 acres. The judgment of divorce awarded to plaintiff Victor Rose "the approximately ten acres of vacant land owned by the parties," referring to the 10-11 parcel, which comprehends approximately 8.5 unimproved acres. As stated in paragraph 4 above, the 10-12 parcel and the 10-00 parcel were then subject to a sales agreement with defendant S&R Development, although no deed had yet been delivered by the Roses. Consequently, the Judgment of Divorce makes no mention of these parcels.

6.     At some date not reflected in the record, the mortgage covering the Mortgaged Property was assigned to defendant FHLMC. The Roses defaulted on their payments under the mortgage, and National City (which continued to service the debt) began proceedings to foreclose the mortgage by advertisement, pursuant to the power of sale contained in the mortgage (¶ 22, ID# 192) and Michigan statutory law. MICH. COMP. LAWS § 600.3201-.3280. In addition to acting as the servicing agency on the loan, National City was the last mortgagee of record. Plaintiff's

---

throughout the state. The parcel number consists of five components. The first represents the county, the second the survey township, the third the section within the township, the fourth the block where the property is located, and the fifth the parcel number within the block.

complaint specifically alleges that National City (not FHLMC) foreclosed the mortgage. (Compl. ¶ 14, ID# 12). The foreclosure documents presented by both parties identify the foreclosing party as the "servicer" of the mortgage.

7. As required by law, National City placed a notice of mortgage foreclosure sale in the Allegan County News on four dates: December 14, December 21, and December 28, 2006, and January 4, 2007. (Affidavit of Publication, attached to Compl., ID# 29). The notice was posted on the property located at 2287 30th Street, Allegan, Michigan. (Affidavit of Posting, attached to Compl., ID# 30). By the time of the foreclosure, however, the property located at 2287 30th Street was no longer comprehended in the Mortgaged Property. Because the Mortgaged Property was divided into three separate parcels after the mortgage was given, the post office assigned different addresses to each parcel. Thus, although 2287 30th Street was the address of the Mortgaged Property at the time the mortgage was given, by the time of the foreclosure, 2287 East 30th Street had been assigned to the 10-00 parcel, which was contiguous but was not included within the mortgage. (The facts set forth in this paragraph are admitted in plaintiff's brief at pp. 4-5, ID#s 317-18.) The posting occurred on December 8, 2006.

8. The posting of the notice of mortgage sale on the 10-00 parcel did not comply with Michigan law, which requires that the notice be posted "in a conspicuous place upon any part of the premises described in the notice." MICH. COMP. LAWS § 600.3208. The 10-00 parcel was not "any part of the premises described by the notice." Although Victor Rose was one of the record owners of the 10-00 parcel on the date of the postings, he asserts that he was not in possession of the real estate at that time and had no occasion to occupy or inspect it after April 2006. (Rose Aff., ¶¶ 4, 5, ID# 372).

9.      The notice of foreclosure sale published by National City and posted on the 10-00 parcel contained an error regarding the redemption period under Michigan law. The notice stated that the redemption period was six months; the parties agree that the appropriate redemption period under Michigan statute is one year.

10.     On January 5, 2007, Victor D. and Elizabeth M. Rose signed a warranty deed conveying to defendant S&R Development the property that was subject to the September 14, 2004 sales agreement. The warranty deed (Def. Ex. D, ID#s 209-11) was recorded on September 4, 2007. The property conveyed by the Roses to S&R Development was the 10-12 parcel (which was part of the Mortgaged Property) and the 10-00 parcel (which was not covered by the mortgage. (Rose Aff. ¶ 12, ID# 373).

11.     On January 18, 2007, about two weeks after the Roses issued a warranty deed for the 10-12 parcel, the Allegan County Sheriff conducted an auction of the entire Mortgaged Property (consisting of the 10-10 parcel, the 10-11 parcel, and the 10-12 parcel). FHLMC bid in the outstanding mortgage debt and was awarded the property at auction. On January 18, 2007, Deputy Sheriff Michael Russell issued a "Sheriff's Deed on Mortgage Sale" conveying the Mortgaged Property to FHLMC. (Sheriff's Deed, ID# 27). The legal description, appended as Exhibit A to the Sheriff's Deed, described the Mortgaged Property, including parcels 10-10, 10-11, and 10-12. (ID# 28).

12.     The six-month redemption period set forth in the notice of foreclosure sale expired on July 18, 2007. There is no evidence that the Roses attempted to redeem the property either before or after the redemption date. Victor Rose avers, however, that he had the necessary

funds available to redeem the 10-11 parcel and would have done so had he been aware of the sale. (Rose Aff. ¶ 13, ID# 373).

13.     FHLMC initiated summary proceedings for possession of the Mortgaged Property in the 57th District Court, Allegan County, Michigan. (Case no. 07-2974-LT). On August 10, 2007, the court issued a default judgment of possession against Victor D. Rose and Elizabeth M. Rose. (Def. Ex. E, ID# 212).

14.     On April 3, 2008, S&R Development filed an action to quiet title in the Allegan County Circuit Court, naming FHLMC as a defendant. (Case no. 08-43004-CZ). The complaint (Def. Ex. F, ID#s 213-18) sought to quiet title in S&R Development to the 10-12 parcel. S&R sought a judgment declaring that the Sheriff's Deed dated January 28, 2007, was null and void, because of two alleged defects: (1) the notice of foreclosure was not posed upon the Mortgaged Property but upon an adjoining parcel (*Id.* at ¶ 8, ID# 214); and (2) that the notice of foreclosure incorrectly stated a six-month redemption period when, in fact, the proper redemption period was one year, because the foreclosed property was larger than three acres. (*Id.* at ¶ 11, ID# 214).

15.     The Allegan County Circuit Court case brought by S&R Development against FHLMC was ultimately settled, with FHLMC executing a deed (Def. Ex. G, ID#s 219-20) conveying to S&R Development the 10-11 parcel (which had been awarded to Victor Rose in the judgment of divorce before foreclosure) and the 10-12 parcel (which Mr. and Mrs. Rose had conveyed to S&R Development by warranty deed shortly before the sheriff's sale). The stated consideration was $15,642.36.

16.     Plaintiff Victor Rose initiated the present case in the Allegan County Circuit Court on December 16, 2008. His complaint seeks to set aside the Sheriff's Deed on the same

grounds alleged by S&R Development in its now-settled lawsuit, that is, defects in the content and posting of the notice. It also asserts a mistake in identifying the property subject to the 2003 mortgage.

### Standards Applicable to Summary Judgment

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see Cady v. Arenac County*, 574 F.3d 334, 339 (6th Cir. 2009). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party

has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir 2010).

However, where a moving party with the burden of proof seeks summary judgment, he faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). As shown above, the moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138

(3d ed. 2000)); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Generally, the court cannot consider exhibits that are not properly authenticated in the summary judgment context. *See* FED. R. CIV. P. 56(e); *Alexander v. CareSource*, 576 F.3d 551, (6th Cir. 2009)("It is [] the basis of this court's repeated emphasis that unauthenticated documents do not meet the requirements of Rule 56(e)."); *Moore v. Holbrook*, 2 F.3d 697, 698-99 (6th Cir. 1993). However, when a party fails to object "to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to be waived," and are subject to appellate review "only to avoid a gross miscarriage of justice." *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994); *see Moore v. Holbrook*, 2 F.3d at 699; *see also Jackim v. Sam's East, Inc.*, Nos. 07-3514, 08-4701, 2010 WL 2101962, at * 7 (6th Cir. May 25, 2010). In the present case, the parties have both presented unauthenticated exhibits. They have therefore waived any objection based on lack of authentication. Beyond that, the parties' submission of identical documents demonstrates that no genuine issue exists concerning the documentary evidence relevant to this case.

### Discussion

### 1.

Plaintiff initiated this action in the Allegan County Circuit Court. The case was removed to this court by defendant FHLMC pursuant to 12 U.S.C. § 1452(f), which gives that corporation an absolute right to remove any civil action to which it is a party, without regard to the

citizenship of the parties or the amount in controversy. The statute provides that such cases shall be deemed as arising under the laws of the United States. 12 U.S.C. § 1452(f)(2). Some lower courts have construed this language as directing that all cases involving FHLMC be decided under federal common law. *See, e.g., Dupuis v. Fed. Home Loan Mortg. Corp.*, 879 F. Supp. 139 (D. Me. 1995). The Supreme Court has directed that, in cases where federal common law applies, the district court should generally incorporate state law as the rule of decision in the absence of a demonstrated need for a uniform national rule. *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 727-29 (1979). "Thus, the prudent course is to adopt the readymade body of state law as the federal rule of decision until Congress strikes a different accommodation." *Id.* at 740; *accord Atherton v. FDIC*, 519 U.S. 213, 217-19 (1997); *O'Melveny & Myers v. FDIC*, 512 U.S. 79, 83-86 (1994). The court should fashion a special federal rule only where a "significant conflict" exists between federal policy and the use of state law. *O'Melveny & Myers*, 512 U.S. at 87. Defendant FHLMC does not suggest the existence of any need for a uniform federal rule of decision or a significant conflict between federal interests and Michigan mortgage law. Instead, FHLMC relies exclusively on Michigan law, and no party has cited any federal principle germane to the case. The court will therefore adjudicate the claims of plaintiff and FHLMC under Michigan law.

The Michigan Revised Judicature Act creates a single cause of action to determine interests in land. MICH. COMP. LAWS § 600.2932. This statutory cause of action combines the two actions of ejectment and quiet title and creates a single action to determine interest in land. *See Adams v. Adams*, 742 N.W.2d 399, 403-04 (Mich. Ct. App. 2007); *Lavean v. Cowells*, 853 F. Supp. 375, 383 (W.D. Mich. 1993). Actions under this statute are expressly equitable in nature. MICH. COMP. LAWS § 600.2932(5). Consequently, equitable defenses, such as laches, are available to

defendants in cases brought under this statute. *Tray v. Whitney*, 192 N.W.2d 628, 630 (Mich. Ct. App. 1971).

**2.**

By the face of the complaint, plaintiff Victor Rose seeks to quiet title with regard to all three parcels included within the Mortgaged Property, in that he seeks to set aside the Sheriff's Deed that conveyed the entire Mortgaged Property to defendant FHLMC. In his response to the motion for summary judgment, plaintiff makes it clear that he seeks relief only with regard to the 10-11 parcel, which consists of approximately 8.5 acres of unimproved land. By plaintiff's own telling, he has no interest in the other parcels covered by the mortgage. The Judgment of Divorce awarded the 10-10 parcel to Mrs. Rose (Plf. Brief at 4, ID# 317), and the Roses deeded the 10-12 parcel to defendant S&R Development in 2007. (*Id.*). All claims regarding these parcels will be dismissed, as plaintiff lacks an interest in them sufficient to support a quiet title action. The court will focus exclusively on the 10-11 parcel.

**3.**

The only parcel in which plaintiff has any possible interest to support a quiet title action is the 10-11 parcel. The judgment of divorce awarded this parcel to Mr. Rose as part of the divorce property settlement. At that time, however, the property was encumbered by the 2003 mortgage previously given by the Roses to National City Mortgage Company. (Mortgage, Def. Ex. A, ID#s 180-95). National City foreclosed the mortgage, and the property was purchased at auction by defendant FHLMC. In settlement of a related lawsuit, FHLMC deeded the property to S&R Development, which is now the record title owner. The complaint alleges two grounds by which Mr.

Rose could theoretically avoid the mortgage foreclosure, sheriff's sale, and ultimate deed to S&R Development. First, the complaint alleges that the 2003 mortgage mistakenly included this parcel of real estate, when the intent of the parties was only to encumber the 10-10 parcel (the house and about 2-1/2 acres). Second, the complaint alleges that the notice of foreclosure sale was posted on the wrong property and contained the wrong redemption period. Plaintiff's response to the summary judgment motion, however, raises a third, unpleaded challenge to the validity of the foreclosure. Plaintiff's brief asserts for the first time that the foreclosure was invalid because the real estate record lacks evidence of an assignment of any interest in the mortgage to FHLMC. (Plf. Brief at 7-8, ID#s 320-21). This eleventh hour assertion is frivolous, on a number of grounds.

First, as noted, plaintiff's complaint to quiet title contains no hint of this claim. Rule 8(a) of the Federal Rules of Civil Procedure requires a pleader to set forth a short and plain statement of the claim "showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). While this notice pleading standard does not require detailed factual allegations, it requires more than the bare assertion of a legal conclusion. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must set forth sufficient facts to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Id.* at 555. The complaint in the present case does not give either defendant or the court any notice that plaintiff is attempting to void the foreclosure on the basis that FHLMC lacked a recorded interest prior to advertising for foreclosure. To the contrary, the complaint itself alleges that *National City* foreclosed the mortgage (Compl. ¶ 14, ID# 12) and the exhibits attached to the complaint reinforce this conclusion. If plaintiff were serious about this contention, it should have been raised in the original complaint or by amendment during the

discovery period, so that the parties could have pursued it. A response to a summary judgment motion is no place to raise new claims.

Second, this unpleaded claim is unsupported by any admissible evidence. The record in this case is devoid of any affidavit, deposition testimony, or other documentary evidence tending to prove that the real estate records in Allegan County did not reflect the interest of FHLMC at the time the foreclosure was initiated. Plaintiff attempts to stand the summary judgment rule on its head by asserting that FHLMC was somehow required to produce such evidence in order to be awarded a summary judgment on plaintiff's quiet title action. FHLMC does not have such a burden. Under Michigan law, a person seeking to attack an otherwise regular foreclosure by advertisement bears the burden of proving its case by a preponderance of the evidence. *See Detroit Trust Co. v. Agozzinio*, 273 N.W. 747, 748 (Mich. 1937); *Corgan v. Deutsche Bank Nat'l Trust Co.*, No. 1:09-cv-939, 2010 WL 2854421, at * 3 (W.D. Mich. July 20, 2010) (applying Michigan law); *United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997). As the party with the burden of proof, it is plaintiff (not defendant) who has the burden of coming forward with evidence to show a defect in the foreclosure proceedings. Merely asserting the existence of a defect in a brief is utterly insufficient.

Finally, plaintiff's eleventh hour assertion is contrary to the facts now of record and Michigan law. All of the documents now before the court disclose that the original mortgagee was National City Mortgage Service Co. and that the mortgage was indeed recorded. Plaintiff's own exhibits attest to this fact. Careful examination of the record also shows that the foreclosure by advertisement was initiated by National City, the "servicer" of the mortgage, and not by FHLMC. Michigan law expressly allows the original mortgagee (in this case National City) to foreclose.

-15-

MICH. COMP. LAWS § 600.3204(3). National City was the last mortgagee of record and therefore was entitled to foreclose by advertisement. *See Arnold v. DMR Fin. Servs. Inc.*, 532 N.W.2d 852 (Mich. 1995). The case cited by plaintiff, *Davenport v. HSBC Bank, U.S.A.*, 739 N.W.2d 383 (Mich. Ct. App. 2007), is completely inapposite. In that case, the foreclosing party received its interest four days *after* it first published a foreclosure notice. The Court of Appeals deemed this to be a structural defect. *Davenport* has no bearing on the present case, as National City was indeed the record holder of the mortgage at the time of advertisement and its interest was shown of record years before the advertisement. The fact that FHLMC had an unrecorded investor's interest in the mortgage is irrelevant. The Michigan Supreme Court has squarely held that the record holder of a mortgage has power to foreclose, and that the validity of the foreclosure is not affected by an unrecorded assignment of interest held for security only. *Arnold*, 532 N.W.2d at 856. *Arnold* completely forecloses plaintiff's unpleaded challenge to the validity of foreclosure by advertisement.

**4.**

The first pleaded claim in plaintiff's complaint to quiet title is that the 2003 mortgage to National City was not meant to encumber all three parcels but only one. This claim, if successful, would require the court to equitably reform the mortgage to reflect the true intent of the parties concerning the property that was to secure the $115,000 debt. This claim for equitable relief fails for lack of any proof to support it.

Under Michigan law, reformation is an equitable remedy available to correct a mutual mistake of fact by the parties to a written instrument. *See Bush v. Merriman*, 49 N.W. 567, 569 (Mich. 1891); *Mate v. Wolverine Mut. Ins. Co.*, 592 N.W.2d 379, 384 (Mich. Ct. App. 1998). Upon

a proper showing, the Michigan courts will reform a deed or other instrument to correct a mutual mistake in identifying the property involved. *See, e.g., Langschwager v. Pinney*, 88 N.W.2d 276, 280-81 (Mich. 1958). A plaintiff is required to establish the facts necessary to show mutual mistake by clear and convincing evidence. *See Woolner v. Layne*, 181 N.W.2d 907, 909 (Mich. 1970) (quoting Restatement of Contracts (2d) § 511 (1982)). To withstand a motion for summary judgment on the reformation claim implicit in the complaint, plaintiff is required to produce sufficient evidence to raise a genuine issue of material fact concerning the existence of a mutual mistake. *See Performance Abatement Servs., Inc. v. Lansing Bd. of Water & Light*, 168 F. Supp. 2d 720, 739 (W.D. Mich. 2001). In determining the sufficiency of the evidence adduced, the court must be guided by the substantive evidentiary standards that apply to the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Consequently, where the "clear and convincing evidence" standard applies, "the trial judge's summary judgment inquiry as to whether a genuine issue exists will be whether the evidence presented is such that a jury applying that evidentiary standard could reasonably find for either the plaintiff or the defendant." *Id.*

This court's previous opinion (docket # 30) alerted plaintiff to the complete lack of proof to support his reformation claim (pp. 13-14, ID#s 262-63). When given the opportunity to respond to his issue, plaintiff failed to adduce any proof of a mistake in integration of the mortgage document. Plaintiff's affidavit (ID#s 371-73) is completely silent on the issue. Plaintiff's brief devotes a single, vague sentence to the issue. ("It was Victor Roses [sic] understanding that the Mortgage did not encumber all of the Mortgaged Property but only one parcel of the property.") (Brief at 3, ID# 316). Assertions in briefs are no substitute for admissible evidence. *See Duha v.*

*Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006).  FHLMC is entitled to a summary judgment on this claim, for lack of any proof to raise a triable issue.

**5.**

Plaintiff's other pleaded claim arises from admitted defects in the foreclosure procedure.  Plaintiff complains of two defects:  posting on the wrong property and the recitation of an incorrect redemption period.  FHLMC does not deny, for purposes of the motion, that these two mistakes were indeed made.  Defendant concedes that the notice of foreclosure was not posted on the property encumbered by the mortgage, in violation of the requirement of Michigan statute that the notice be posted in a conspicuous place "upon any part of the premises described in the notice." MICH. COMP. LAWS § 600.3208.  It is uncontested that the notice was posted on December 8, 2006, at the adjoining 10-00 parcel.  It is also uncontested, on the present record, that this parcel belonged to Victor and Elizabeth Rose on the date of posting. It had, however, been sold to S&R Development by that date, and plaintiff asserts that he was not in possession of it.  Likewise, FHLMC does not deny for present purposes that the redemption period stated in the notice of foreclosure was incorrect. The notice stated a six-month redemption period, while Michigan law requires a one-year period for property exceeding one acre.  MICH. COMP. LAWS § 600.3240(12).

Under Michigan law, however, a mortgagor is not entitled to relief merely by alleging some defect in the notice of foreclosure.  Rather, such a defect renders the foreclosure sale only voidable, but not void.  The governing authority is *Jackson Investment Corp. v. Pittsfield Products, Inc.*, 413 N.W.2d 99 (Mich. Ct. App. 1987).  In *Jackson*, a mortgagor sued to have a foreclosure sale declared invalid on account of errors in the notice of foreclosure.  The court held that such errors

render the foreclosure only voidable, and that a plaintiff bears the burden of showing actual harm as a result of the error. The court explained its holding as follows:

> The failure to properly observe any of these [statutory] requirements provides a host of potential defects which could occur. By holding that a defect renders a foreclosure sale voidable, rather than void, more security is given to the title of real property. Such a holding also allows for an examination of whether any harm was caused by the defect. In situations where it is evident that no harm was suffered, in that the mortgagor would have been in no better position had notice been fully proper and the mortgagor lost no potential opportunity to preserve some or any portion of his interest in the property, we see little merit in the rule of law which Jackson advocates. Such a rule would automatically nullify the sale without regard to or consideration of the intervening interests of other parties. We conclude that the trial court correctly held that the notice defect rendered the sale voidable and not void.

413 N.W.2d at 101-02. The Michigan Court of Appeals based its reasoning on state Supreme Court authority in analogous cases. *Id.* The state courts have adhered to this holding in subsequent cases. *See, e.g., Sweet Air Inv., Inc. v. Kenney*, 739 N.W.2d 656, 662 (Mich. Ct. App. 2007) (a defect in notice renders a foreclosure sale voidable, not void, and the mortgagor must show prejudice).

For purposes of summary judgment, the court finds that plaintiff has submitted sufficient proof to raise a triable issue that the mistakes were not harmless. Plaintiff asserts that he had no actual knowledge of the foreclosure proceedings before the sheriff's sale. On the issue of constructive knowledge arising from posting the notice on the 10-00 parcel, plaintiff admits that he was a record owner at the time, but asserts that he was not in possession, having agreed to sell the property to S&R Development in the September 14, 2004 Sales Agreement. He further avers that he had not visited the property and had no occasion to do so. In these circumstances, a question of fact exists concerning his actual or constructive knowledge of the foreclosure proceedings.[3]

---

[3] FHLMC argues that the failure to post on the correct parcel was not the result of negligence, but was caused by understandable confusion concerning the address of the Mortgaged Property. This is beside the point. The statute does not require only a good-faith effort to post on the correct

The error is compounded by the mistake concerning the redemption period. Plaintiff admits learning of the foreclosure on November 16, 2007, ten months after the sale and therefore within the one-year redemption period. If he had examined the Sheriff's Deed and the attached notice to determine his ability to redeem, he would have been misinformed about the redemption period. According to those documents, the period had already expired. It is undisputed that plaintiff did not attempt to redeem during the one-year period, but the cause of that failure remains unclear, in light of the error in the notice of foreclosure. Plaintiff avers that he had sufficient funds to redeem and would have done so. Defendant argues that plaintiff was not diligent and should have acted faster. These are factual assertions that cannot be resolved on a motion for summary judgment.

Likewise, defendant's affirmative defense of laches cannot be resolved on the present record. Laches is an equitable defense that arises from a plaintiff's unreasonable delay in asserting his rights, "attended by such intermediate change of conditions as renders it inequitable to enforce the right." *Angeloff v. Smith*, 235 N.W.2d 823, 824 (Mich. 1931). Defendant argues that plaintiff's delay was unreasonable and that intervening events, including the conveyance of the 10-11 parcel to S&R Development, requires application of the laches doctrine to deny equitable relief. Because FHLMC has the burden of proof on the laches defense, however, it faces a substantial hurdle in prevailing on the defense at the summary judgment stage. *See Arnett*, 281 F.3d at 561. To prevail on this defense, defendant must show that the facts are so one-sided that plaintiff could never prevail. *Id.* On the present record, the court determines that the facts are insufficient to determine plaintiff's

---

property -- it requires that the notice be posted in a conspicuous place "upon any part of the premises described in the notice." Fault, or lack of fault, is irrelevant.

state of knowledge, motivation, and diligence. The laches defense must be resolved at trial, not by motion.

## Conclusion

Upon *de novo* review of the record, the court determines that defendant FHLMC is entitled to a partial summary judgment resolving three aspects of plaintiff's claims in defendant's favor. First, all claims involving any parcel other than the 10-11 parcel will be dismissed, as plaintiff has no interest in those parcels sufficient to sustain a quiet title action. Second, judgment will be entered on behalf of FHLMC on plaintiff's implied claim for reformation of the mortgage, as plaintiff has failed to come forward with any proof to support this claim. Finally, the court determines that plaintiff is not entitled to relief on his unpleaded claim challenging foreclosure on the unproven assertion that the party foreclosing the mortgage did not have record title. The motion for summary judgment will be denied with regard to plaintiff's challenge to foreclosure arising from defects in the place of posting and the content of the notice, and on the affirmative defense of laches. These claims will be tried to the court as scheduled on October 26, 2010.

The court notes the existence of a counterclaim and third-party claim by defendant S&R Development. These claims will not be tried on October 26, 2010, as they are contingent on plaintiff's ability to prevail in his quiet title action. If plaintiff prevails in that action, only then will S&R Development suffer any damage, thus triggering the possibility of its recovery on the counterclaim or third-party complaint. Trial on those claims is therefore severed pursuant to Fed.

R. Civ. P. 42(b).  If plaintiff prevails at trial in his quiet title action, further proceedings will be scheduled to resolve the counterclaim and third-party action.


Dated:   September 21, 2010        /s/  Joseph G. Scoville
                                                    United States Magistrate Judge